IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SENNAYI TEOUME-LESSANE,

    Petitioner,

v.                                       Civil Action No. 5:07CV159
                                                      (STAMP)
JEFF BOLYARD, Acting Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING
REPORT AND RECOMMENDATION**

I. Procedural History

Currently pending before this Court and ready for review is Magistrate Judge James E. Seibert's report of proposed findings and recommended disposition of the plaintiff's claims brought pursuant to the habeas corpus application filed by pro se[1] petitioner, Sennayi Teoume-Lessane, pursuant to 28 U.S.C. § 2241. The petitioner was found guilty by a Bureau of Prisons ("BOP") Discipline Hearing Officer ("DHO") of violating BOP Prohibited Act Code 203, Threatening Another with Bodily Harm. As punishment, the petitioner lost twenty-seven days of good-conduct time credit. The petitioner exhausted his administrative appeals, which were denied. This action followed. The petitioner seeks expungement of

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

disciplinary charges from his record, restoration of good-conduct time, and transfer to a lower level security BOP facility.

Pursuant to Local Rule of Prisoner Litigation Procedure 83.09, this matter was referred to United States Magistrate Judge James E. Seibert for report and recommended disposition. In response to a show cause order entered on December 28, 2007, the respondent filed a motion to dismiss or for summary judgment. Magistrate Judge Seibert issued a Roseboro notice on January 30, 2008, informing the petitioner of his right to file a responsive pleading and alerting him that his case could be dismissed if he failed to do so. The petitioner then filed a response to the respondent's motion. Contemporaneously, the respondent filed supplemental exhibits and a counter-declaration in support of his contentions.

After reviewing the parties' pleadings, Magistrate Judge Seibert entered a report which recommends that the petitioner's § 2241 petition be denied and dismissed with prejudice because the petitioner's due process rights were adequately protected and because the evidence upon which the DHO relied to reach her findings supports a conclusion that the petitioner violated BOP Prohibited Act Code 203, Threatening Another with Bodily Harm.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections, as well as a second

supplemental counter-declaration to the respondent's motion to dismiss or for summary judgment. For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety, that the respondent's motion to dismiss, or for summary judgment, be granted, and that the petitioner's § 2241 application be denied and dismissed with prejudice.

## II. Facts

On May 18, 2006, a BOP Correctional Counselor ("CC") filed an incident report charging the petitioner with a violation of BOP Code 203, Threatening Another with Bodily Harm. According to the incident report, the petitioner rushed inside the doorway of the CC's office until he was near enough to her to have kissed her. The CC ordered the petitioner to back away because he was too close her. The CC reported that she felt personally threatened by the inmate's conduct and that she feared his intentions. The CC further reported that on a previous occasion she had ordered the petitioner to stop winking at her.

The charge in the incident report was investigated by Sergeant Harrell. Sergeant Harrell advised the petitioner of his right to remain silent. During the investigation, the petitioner stated that he did go to the CC's door but only because he believed that the CC had called to him. Sergeant Harrell observed that during the investigation, the petitioner had a very good attitude. After speaking with both the petitioner and the CC, Sergeant Harrell

referred the charge to the Unit Disciplinary Committee ("UDC") for an initial hearing.

The UDC then referred the matter to the DHO. On May 23, 2006, the petitioner was provided with notice of the disciplinary hearing which advised the petitioner of his rights, including the right to call witnesses and present documentary evidence. The disciplinary hearing was originally scheduled for May 26, 2006, and then postponed to May 31, 2006 because the petitioner appeared before the DHO and stated that he wished to have a staff representative and to present witnesses at the hearing.

After holding a hearing and reviewing the evidence, the DHO found that the petitioner had committed the Prohibited Act Code 203, Threatening Another with Bodily Harm. The DHO considered the CC's incident report, the statements made by the petitioner at the DHO hearing, and a six-page, handwritten document submitted by the petitioner. The DHO imposed a sanction of thirty days of disciplinary segregation, loss of telephone and commissary privileges for thirty days, disallowance of twenty-seven days of good-conduct time, and a change in quarters.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). In this case, within the allotted ten-day period, the petitioner filed objections. Accordingly, this Court reviews the record de novo.

The Federal Rules of Civil Procedure provide that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In reviewing the supported underlying facts, a court must view all inferences in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

## IV. Discussion

In his application for habeas corpus, the petitioner alleges (1) that he was falsely charged with a disciplinary violation; (2) that he was denied a staff representative for his disciplinary

hearing, depriving him of a protected liberty interest and denying him due process; (3) that he was denied the right to present documentary evidence during his disciplinary hearing, depriving him of a protected liberty interest and denying him due process; (4) that he was denied the right to call witnesses during his disciplinary hearing, depriving him of a protected liberty interest and denying him due process; and (5) that there was no evidence presented to substantiate the finding of guilt and that the decision by the DHO was biased, arbitrary, and capricious.

The magistrate judge found the petitioner's disciplinary hearing comported with the due process rights afforded inmates under Wolff v. McDonald, 418 U.S. 539 (1974), and that the evidence upon which the DHO's findings are grounded is sufficient under Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985), to sustain a finding of guilt for the violation with which the petitioner was charged. For these reasons, the magistrate judge recommended that the petitioner's § 2241 petition be denied and dismissed with prejudice.

A. Due Process

Upon de novo review of the record, this Court agrees with the magistrate judge's conclusion that the petitioner was afforded due process under the requirements set forth in Wolff v. McDonald, 418 U.S. 539 (1974). The due process an inmate must be afforded during a prison disciplinary hearing involving the loss of good-conduct time credit requires that the prisoner be provided:

(1) written notice of the charges at least twenty-four hours before the disciplinary hearing;

(2) a written statement by the fact finders describing the evidence relied upon and the reasons for the disciplinary action;

(3) an opportunity to call witnesses and present documentary evidence in defense against the charges, when such opportunity presents no undue hazard to institutional safety or correctional goals;

(4) the opportunity to be represented or aided by a fellow inmate, or if that is prohibited, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or if the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and

(5) impartial fact finders.

Id. at 564-71.

Here, the requirements of Wolff are satisfied. First, in his objections to the magistrate judge's report and recommendation, the petitioner admits that he received written notice of the charge at least twenty-four hours before the disciplinary hearing. Accordingly, the twenty-four hour notice requirement under Wolff is satisfied.

Second, the petitioner admits in his objections that he received a written statement by the fact finder, DHO J.C. Aguilar, which identified the evidence on which the DHO relied and giving

the reasons for the disciplinary action imposed.  This report, dated June 6, 2006, indicates that the DHO considered the following as evidence when determining whether the petitioner had committed the charged violation: the incident report, the petitioner's statements at the disciplinary hearing, and the six-page handwritten document submitted by the petitioner.  The same report discusses in detail the reasons underlying the disciplinary action.  According to the DHO, disciplinary sanctions were warranted because conduct which threatens a staff member bodily harm endangers the health, safety, and welfare of the threatened staff member; the petitioner's behavior was disrespectful; hinders the staff member from performing his or her duties; and creates unnecessary stress which is detrimental to the staff member's emotional and psychological well-being.  The DHO added that past experience suggest that inmate threats of bodily harm are sometimes followed by inmate assaults on staff.  The DHO stated that threats will not be tolerated and that sanctions were imposed to ensure that the petitioner knew that he would be held responsible for his conduct at all times.  The content of the DHO's report meets Wolff's requirement that the petitioner receive a written statement by the fact finder describing the evidence relied upon and the reasons for the disciplinary action.

Third, despite the petitioner's contentions to the contrary, he was given an opportunity to call witnesses and to present documentary evidence.  This Court finds that he simply failed to do

so.  On May 23, 2006, the petitioner was provided with a Notice of Discipline Hearing Before the DHO.  On that form is a statement informing the petitioner of the right to call witnesses and present documentary evidence.  Although the petitioner indicated on that form that he wished to present witnesses and documentary evidence, when he appeared at the hearing, he did not produce the names of any specific witnesses.  Rather, he provided a handwritten statement dated May 29, 2006 listing certain documents he claimed he needed to identify witnesses.[2]  The DHO informed the petitioner that it was not the DHO's responsibility to appoint or name witnesses.  The hearing therefore proceeded without witnesses.

The petitioner argues that he was denied the right to call witnesses and present documentary evidence by the DHO's failure to provide him with certain documents which he claims he requested at a meeting with the DHO on May 26, 2006.  According to the petitioner, he informed the DHO orally of the documents he needed and offered specific explanation of how these documents related to his defense.  He also claims that the DHO agreed to comply with his request.  Nothing in the record supports the petitioner's assertion, however.  In any case, the petitioner had ample time to

---

[2]The documentary evidence the petitioner requested included (1) the paperwork generated at the petitioner's intake process for administrative detention on May 18, 2006; (2) the CC's sign-in sheet for inmates on May 18, 2006; (3) the Unit A call-out sheet for May 18, 2006; (4) copies of BOP PS 5270.07, which pertains to Inmate Discipline and Special Housing Unit; (5) the full text of 28 C.F.R. § 541 with any updated revisions; and (6) BOP PS 5500.07. As both the DHO and the magistrate judge observed, the petitioner failed to show clearly how these documents pertain to his defense.

identify witnesses and collect relevant documents between first learning of the charge in the incident report on May 18, 2006, and the date of the disciplinary hearing on May 31, 2006. However, as the magistrate judge noted, the petitioner waited until two days before the hearing to submit a list of evidence he wanted to present. On these facts, this Court concludes that the petitioner was not denied the right to call any witnesses or present any evidence. Accordingly, the third Wolff requirement is satisfied.

Fourth, the record demonstrates that the petitioner was not denied the right to a staff attorney. On the Notice of Discipline Hearing Before the DHO, which the petitioner received on May 23, 2006, is a statement informing the petitioner of the right to have a staff representative at the hearing. The petitioner indicated on that form that he wished to have a staff representative. The petitioner requested that specific staff members be designated to represent him. For various reasons, the BOP was unable to assign the requested staff members to the petitioner's case, but another staff member was appointed. The petitioner did not initially object to the substitute appointment. However, several minutes into the hearing, the petitioner stated that if he could not have his choice of staff representative, then he did not wish to have a staff representative at all. On his own initiative, the petitioner also elected at that time to remove himself from the hearing. Far from being denied the right to having a staff member represent him, the petitioner was appointed a representative. That he chose not

to accept the staff member appointed to him in no way indicates that he was deprived of a staff representative. This Court finds that the fourth requirement under Wolff is satisfied.

Finally, the DHO who presided over the disciplinary hearing served as an impartial fact finder. According to BOP regulations, "the DHO may not be the reporting officer, investigating officer, or UDC member, or a witness to the incident or play any significant part in having the charge(s) referred to the DHO." 28 C.F.R. § 541.16. Here, the DHO acted in none of the prohibited capacities. Additionally, this Court agrees with the magistrate judge that the record before this Court indicates no bias by the DHO against the petitioner. Accordingly, the last Wolff requirement is met.

A de novo review of the record convinces this Court that the petitioner has presented no genuine issue of material fact and that the petitioner's due process rights were adequately protected in the disciplinary proceedings against him. Accordingly, the magistrate judge's findings on this issue will be affirmed and adopted.

B.  Sufficiency of Evidence

This Court's de novo review also supports the magistrate judge's conclusion that the evidence presented at the disciplinary hearing was sufficient to find the petitioner guilty of the charged violation, BOP Prohibited Act Code 203, Threatening Another with Bodily Harm. The applicable standard for determining whether the

evidence presented at the disciplinary hearing was sufficient is "some evidence." See Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 455 (1985). Under this standard, the record need only provide "some evidence from which the conclusion of the administrative tribunal could be deduced." Id. Therefore, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id.

Here, the DHO considered the incident report, the petitioner's statements at the disciplinary hearing, and the petitioner's six-page handwritten document. The petitioner argues that the DHO improperly relied upon the incident report because, he claims, it constitutes a false accusation for the purpose of retaliating against him for his having filed an administrative remedy against the CC's supervisors. He also claims that the incident report does not serve as proper evidence because the investigating officer attempted to blackmail the petitioner before reading him his rights by suggesting that if the petitioner withdrew his grievance against the CC's supervisors, then the CC would retract the charge made against the petitioner in the incident report.

Regarding the petitioner's claim that the incident report should be disregarded as evidence, the DHO observed that the petitioner had offered no evidence in support of his claim that the incident report had been generated in retaliation for his having filed an administrative grievance and that the written statement

the petitioner had submitted to the DHO failed to address directly his alleged conduct giving rise to the charge asserted against him. Regarding the petitioner's claim that the investigating officer had attempted to blackmail the petitioner into retracting an administrative grievance filed against the CC's supervisors before reading the petitioner his rights, the DHO stated that any alleged conversation occurring between the petitioner and the investigating officer before the petitioner was informed that he had the right to remain silent had not been incorporated into the investigative report and, therefore, had no bearing on the DHO's findings.

On the basis of the record before it, and viewing the evidence in the light most favorable to the petitioner this Court finds that there is no genuine issue of material fact. The items and statements upon which the DHO relied--namely, incident report, the petitioner's statements at the disciplinary hearing, and the handwritten statement by the petitioner--constitute "some evidence" that the petitioner violated Prohibited Act Code 203, Threatening Another with Bodily Harm. The petitioner's unsubstantiated allegations are insufficient to create a genuine issue of material fact. Accordingly, this Court finds that the magistrate judge's findings on this issue should be affirmed and adopted.

## V. Conclusion

Based upon de novo review of the record, and for the foregoing reasons, this Court hereby ADOPTS and AFFIRMS the magistrate judge's report and recommendation in its entirety. Accordingly,

the respondent's motion to dismiss, or for summary judgment, is GRANTED, and the petitioner's § 2241 petition for habeas corpus is DENIED and DISMISSED WITH PREJUDICE.  In addition, it is hereby ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered.  See Fed. R. App. P. 4(a)(1).  He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2241.  See 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2d Cir. 2003).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     September 17, 2008

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE